### 59127. COMERFORD v. HURLEY et al.

SOGNIER, Judge.

The appellant, Virginia Louise Hurley Comerford, claims to be the only child and heir at law of C. B. Hurley, who died intestate on May 4, 1971. The appellees are the brothers and sisters of the deceased. On May 29, 1971 W. Chink Hurley, brother of the deceased, filed a petition in Troup County for an order declaring no administration necessary of the estate of C. B. Hurley, stating that he and his brothers and sisters were the sole heirs at law of the deceased. The estate was distributed among the brothers and sisters. The appellant learned of the death of C. B. Hurley, her alleged father, on July 30, 1976. Not having been named as an heir at law in the petition filed by W. Chink Hurley, the appellant sought to recover the assets of the estate from him and his siblings. Comerford filed a petition in the Superior Court of Troup County on June 24, 1978 alleging that the appellees had wrongfully converted her inheritance and deprived her of the estate by fraud. She moved for summary judgment on the basis that she was the only heir at law of C. B. Hurley and was entitled to the assets of his estate. Appellees, having properly pled the statute of limitation as a defense, submitted evidence that the appellant was not the legitimate daughter of C. B. Hurley and was not entitled to summary judgment; appellees also made a motion for summary judgment. The trial court granted summary judgment to the appellees on the ground that there was no genuine issue of material fact in the case. We affirm.

Appellant brings her complaint on the following counts: (1) fraud, both constructive and actual, which resulted in the conversion of the estate; (2) conspiracy to deprive her of her proper inheritance by failing to notify the probate court of her existence; and (3) conversion of personalty under Code Ann. § 113-1102. The applicable statute of limitation for all counts is that which applies

to conversion of personalty, i.e., four years. Code Ann. § 3-1003.

Appellant urges that the 10-year statute of limitation provided for in Code Ann. § 3-709 is applicable. However, this Code section applies only in suits against executors, administrators, guardians or trustees, and there cannot be an executor or administrator of an estate where an application for no administration necessary has been made. *Long v. Long,* 117 Ga. App. 606 (161 SE2d 417) (1968). Code Ann. § 113-1102 provides for recovery of wrongfully converted assets of an estate where there is no legal representative of the estate. *Williamon v. Williamon,* 209 Ga. 494 (74 SE2d 71) (1953). Appellant's claim arose in 1971, when appellees petitioned the court and were granted an order declaring that no administration was necessary in the estate of C. B. Hurley. Appellant brought this action in 1978, well beyond the four year statute of limitation for conversion of personalty under Code § 3-1003.

Appellant contends that Code Ann. § 3-807 applies. This section provides that "[I]f the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." In the absence of any confidential relationship, the type of fraud necessary to toll the statute of limitation is actual fraud, involving moral turpitude, which could not have been discovered by the exercise of ordinary diligence. *Webb v. Lewis,* 133 Ga. App. 18, 21 (209 SE2d 712) (1974); *Jim Walter Corp. v. Ward,* 150 Ga. App. 484, 488 (258 SE2d 159) (1979). Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitation. *Brinsfield v. Robbins,* 183 Ga. 258, 270 (188 SE 7) (1936). *Union Circulation Co., Inc. v. Trust Co. Bank,* 143 Ga. App. 715, 719 (240 SE2d 100) (1977), vacated on other grounds, 241 Ga. 343 (245 SE2d 297) (1978).

Where, as here, the appellees were not in any confidential relationship with the appellant, and where there has been no evidence of any concealment or misrepresentation concerning the application for no administration necessary on the part of the appellees, there is no actual fraud to toll the statute of limitation. Concealment per se amounts to actual fraud when for any reason one party has a right to expect full communication of the facts from another. *Brinsfield,* supra, 270. To toll the statute of limitation, concealment of a cause of action must be by positive affirmative act and not by mere silence. *Ponder v. Barrett,* 46 Ga. App. 757 (169 SE 257) (1933). Thus, the trial court did not err in granting appellee's motion for summary judgment, since the statute of limitation had expired on all counts in appellant's petition.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 10, 1980 — DECIDED APRIL 7, 1980 —
REHEARING DENIED APRIL 22, 1980 —

*Victoria Little, Mary Brock Kerr,* for appellant.
*W. Barry Williams,* for appellee.