A90A0542. FORT OGLETHORPE ASSOCIATES II, LTD. v. HAILS CONSTRUCTION COMPANY OF GEORGIA et al.

(396 SE2d 585)

Pope, Judge.

Plaintiff Fort Oglethorpe Associates II, Ltd., is the owner of a shopping center. Plaintiff brought suit against defendants, the general contractor for construction of the shopping center and the subcontractor for the roof of that portion of the project leased to a department store, for damages arising out of leaks in the roof. Plaintiff alleged breach of contract and breach of warranty against the general contractor and alleged negligent construction against both the general contractor and the subcontractor. The trial court granted summary judgment to defendants on each of these claims and plaintiff appeals.

1. A claim on a written contract must be brought within six years after the contract becomes due and payable. OCGA § 9-3-24. Even though the department store space was completed and occupied earlier, the record shows the date of substantial completion of the entire project was December 12, 1979. Thus, the latest date on which the contract could be considered "due and payable" is December 12, 1979. The period of limitation on a construction contract commences on the date the work was substantially complete. *Mullins v. Wheatley Grading Contractors*, 184 Ga. App. 119 (2) (361 SE2d 10) (1987); *Owen v. Mobley Constr. Co.*, 171 Ga. App. 462 (1) (320 SE2d 255) (1984); *Space Leasing Associates v. Atlantic Building Systems*, 144

Ga. App. 320 (2) (241 SE2d 438) (1977). However, plaintiff's lawsuit was not filed until June 27, 1986, more than six years after the period of limitation commenced. Thus, summary judgment was properly granted as to plaintiff's claim for breach of contract against the general contractor.

2. Plaintiff's claim for breach of warranty against the general contractor is also barred by the six-year statute of limitation for matters arising out of contract. The construction contract included a one-year warranty for construction defects. According to the printed language of the contract, the warranty extended for a period of one year from the date of substantial completion. However, by typewritten addition to the printed contract, the contractor agreed to provide the owner with a written warranty agreement extending twelve months from the date of "substantial completion or occupancy, whichever occurs first." Construing these two provisions together, the typewritten terms govern over the pre-printed terms. See OCGA § 13-2-2 (4) and (7).

While there is some dispute over the date the premises in question were occupied, both parties agree that the department store was occupied prior to the date of substantial completion of the entire project. We reject plaintiff's argument that the date of occupancy on which the warranty commenced to run was the date on which the entire project was completed for occupancy. The record shows the roof for the department store was constructed under a separate set of specifications and that the department store was a separate and identifiable portion of the shopping center project as a whole. The latest date on which the warranty for the department store roof would have commenced is the date of the store's grand opening, October 29, 1979. The one-year warranty expired, at the latest, on October 28, 1980.

The record reflects that by letter dated December 2, 1980, the general contractor refused plaintiff's request for repairs to the roof on the ground that the one-year warranty had already expired. Although the letter does not refer to the date the leak at issue in the letter occurred, the record shows the leak in question occurred in early December, after the one-year warranty had expired in October. All previous complaints had been reported prior to the expiration of the warranty period and were repaired under the warranty. However, the December complaint and any subsequent claims were not covered under the warranty and the contractor was entitled to summary judgment.

3. Summary judgment was also properly granted as to plaintiff's claims in negligence against both the general contractor and the subcontractor. An action for negligent damage to real property must be brought within four years after the right of action accrues. OCGA § 9-3-30. Plaintiff argues that its action in negligence is not time barred because an issue of fact remains as to when it discovered the roof was

negligently constructed and because the action was brought within eight years after substantial completion as provided by the statute of repose for construction cases, OCGA § 9-3-51. However, the Georgia Supreme Court has ruled that the tolling of a period of limitation by the discovery rule is confined to cases involving bodily harm. *Corporation of Mercer Univ. v. National Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988). "An action under OCGA § 9-3-30 must be brought within four years of substantial completion." Id. at 366.

We reject plaintiff's argument that the *Mercer* case does not apply to a case, such as this one, where a statute of repose applies. The purpose of the statute of repose is to impose an outside limit on the bringing of lawsuits which are otherwise brought within the applicable statutory period after the action has accrued. See OCGA § 9-3-53. The Georgia courts have never interpreted the statute of repose for construction cases as extending the otherwise applicable period of limitation. "It is clear from a reading of [OCGA § 9-3-53] that the legislature never intended [OCGA § 9-3-51] to establish a new eight year statute of limitation in place of the two, four and six years statutes that may be applicable depending on the cause of action alleged." *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 428 (241 SE2d 184) (1977). Thus, the discovery rule does not toll the limitation period either for plaintiff's negligence claim or its breach of contract claim.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 26, 1990 —
REHEARING DENIED SEPTEMBER 4, 1990 — CERT. APPLIED FOR.

*Phillips, Hinchey & Reid, George C. Reid, Stephen G. Lowe*, for appellant.

*Greene, Buckley, DeRieux & Jones, Margaret L. Milroy, Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Michael A. Caldwell, Steven J. Misner*, for appellees.