A93A0641. COPELAND v. HOME SAVINGS OF
AMERICA, F. A. et al.
(433 SE2d 327)

BLACKBURN, Judge.

On October 31, 1989, the appellant, Delia Copeland, purchased a house from the appellee Home Savings of America, F. A. (Home Savings). In May 1991, Copeland commenced this action against Home Savings, the real estate broker and agent who represented Home Savings, and the surveying company and actual surveyor who surveyed the property in question before the closing of the sale, alleging fraudulent misrepresentation or concealment of the fact that the house was situated in a flood hazard area. The trial court granted summary judgment for the defendants, and Copeland appeals.

In the spring of 1989, Copeland began her search for a home, which culminated in her purchase of the subject property from Home Savings in late October 1989. During that period of time, she had occasion to inspect the property five to ten times. Others who viewed the property at Copeland's request included her brother, roommate, a plumber, and an individual who checked structural items and estimated costs of repairs. Copeland's own inspection of the property revealed several water-related conditions. First and foremost, she observed a creek adjacent to the lot, which prompted her to ask the real estate agent if there had been any problem with flooding. She also noticed some dankness about the dug-out basement; she did not find it to be "super wet," but it smelled like "an old mushroom bin."

Copeland made no inquiry about any incident of flooding beyond

that with the real estate agent, and she was satisfied by the agent's alleged denial of any problem in that regard. She also had assumed that the bank which loaned her the purchase money had confirmed that the property was not in a flood hazard area, because she was under the impression that the bank would not have made the loan if the property was situated otherwise. Copeland acknowledged that she could have discovered that the property was in a flood hazard area from information that was obtainable from the DeKalb County records or from her insurance agent.

Heavy rains came in February 1990, and the property flooded. Copeland then referred to the DeKalb County records and contacted her insurance agent, and was informed that her home was located in a flood hazard area. Her proffer to rescind the sales contract was rejected, and this tort action ensued.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. [Cit.] For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. In deciding whether the evidence presented is sufficient to raise a triable issue as to each element, the court must resolve all disputes of fact and indulge all reasonable inferences therefrom in favor of the nonmoving party. [Cit.]" *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989).

In granting summary judgment for the defendants, the trial court concluded as a matter of law that Copeland could not establish the element of justifiable reliance on any representation made by the defendants. Even resolving all disputes of fact and indulging all reasonable inferences in favor of Copeland, we agree.

Regardless of whether or not the real estate agent falsely denied any problem with flooding on the property in response to Copeland's inquiry regarding such, it is uncontroverted that Copeland did absolutely nothing to investigate that risk. After observing the creek adjacent to the property, she specifically inquired about any problem with flooding, but she was satisfied merely by the agent's denial. She had multiple opportunities to inspect the property, and nothing prevented her from checking with the DeKalb County records or her property insurance agent about the possibility of a flood hazard.

" 'The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. "When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representa-

tions." (Cit.)' [Cits.]" *Miller v. Clabby*, 178 Ga. App. 821, 823 (344 SE2d 751) (1986).

In the instant case, as in *Miller v. Clabby*, supra, the possibility of a risk of flood hazard was patent, inasmuch as the property was situated adjacent to a creek. Because of Copeland's failure to make any attempt to discover the reality of that risk despite the opportunity to do so, she cannot be said to have justifiably relied upon any representation by the defendants regarding the matter. Cf. *Crawford v. Williams*, supra. Accordingly, the trial court properly granted summary judgment for the defendants.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 10, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 —

*Slaughter & Virgin, Frank W. Virgin*, for appellant.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, R. Teresa Perrotta, Rachelson & Associates, Ira L. Rachelson, Jeffrey H. Schneider, Dermer & Black, Stephen F. Dermer*, for appellees.