A93A1142. PHILLIPS v. ADAMS et al.
(436 SE2d 567)

JOHNSON, Judge.

Rubin Lamar Phillips filed an action in 1992 to recover personal property allegedly stolen from him by Bentley Adams and Lamar Taylor in September 1984. The trial court dismissed the action as barred by the four-year statute of limitation on actions for recovery of personal property. See OCGA § 9-3-32. Phillips appeals, arguing that

the four-year statute of limitation was tolled because he has been imprisoned since 1984, he is suffering from a medical disability and he did not learn of the theft until 1992.

1. Prior to July 1, 1984, OCGA § 9-3-90 tolled the running of statutes of limitation for "persons imprisoned." The legislature, however, amended the statute, effective July 1, 1984, by deleting prisoners from the groups of people protected by the tolling provision.[1] Since Phillips' alleged cause of action accrued after the statute was amended, he is not protected by the tolling provision.

2. OCGA § 9-3-90 (a) tolls the running of statutes of limitation for "persons who are legally incompetent because of mental retardation or mental illness." Although Phillips has a physical disability, there is no evidence in the record that he is either mentally retarded or ill. "OCGA §§ 9-3-90 and 9-3-91 allow only mental, and not physical, disability to toll the time limitation." *Chapman v. Burks*, 183 Ga. App. 103, 107 (2) (357 SE2d 832) (1987).

3. Phillips' further argument that he did not discover the theft until 1992 also is without merit since "the tolling of a period of limitation by the discovery rule is confined to cases involving bodily harm. [Cit.]" *Fort Oglethorpe Assoc. II, Ltd. v. Hails Constr. Co. of Ga.*, 196 Ga. App. 663, 665 (3) (396 SE2d 585) (1990). Because the statute of limitation was not tolled and Phillips filed his action almost four years after the limitation had expired, the trial court did not err in dismissing his complaint.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 5, 1993.

Rubin L. Phillips, *pro se.*
Bentley C. Adams III, pro se.
*Alderman, Green & Hamby, Brady D. Green,* for appellees.

---

[1] The Eleventh Circuit Court of Appeals addressed this same issue, holding that "[OCGA § 9-3-90] was amended to exclude prisoners from the list of persons benefitting from the tolling provision." *Giles v. Garwood*, 853 F2d 876, 878 (1) (11th Cir. 1988).