## A96A1631. MOORE v. MEEKS.
(483 SE2d 383)

ANDREWS, Chief Judge.

David Moore appeals from the trial court's order granting Ted Meeks' motion for summary judgment on Moore's claims of negligent construction, breach of implied warranty, passive concealment and fraud in the purchase of a house Meeks built in 1988. Moore contends the statute of limitation was tolled due to Meeks' fraudulent concealment of the defect. We disagree and affirm the judgment of the trial court.

Meeks began building the house in question in 1987, and sold it on January 22, 1988, to Frank Lasseter. On September 1, 1992, Moore contracted to purchase the house from Lasseter and closed on it on October 8, 1992. In his complaint for fraud filed against Lasseter in February 1994, Moore stated that, after signing the contract, but before closing, he noticed "a large crack in the stucco type finish on the exterior of said home." Subsequently, in April 1993, portions of the stucco exterior began falling off the house.

In May 1995, Moore sued Meeks, the builder, alleging faulty construction and fraudulent concealment. Meeks answered, asserting the defenses of the statute of limitation, laches, lack of privity, duty to inspect, waiver and estoppel.

1. As a subsequent purchaser, Moore has no claim for breach of implied warranty. See *Dunant v. Wilmock, Inc.*, 176 Ga. App. 48 (335 SE2d 162) (1985) (caveat emptor defense applies to subsequent purchasers). The trial court also properly granted Meeks' motion for summary judgment on Moore's claim of fraud due to passive concealment of a latent defect. As Meeks was not a party to the contract and Moore does not allege that Meeks had any knowledge of the sale, he cannot claim Meeks was under a duty to disclose to him the defect. The cases cited by Moore in support of this claim are inapposite as they all involve the duty of a builder-seller who was a party to the contract. See, e.g., *Shipman v. Horizon Corp.*, 245 Ga. 808, 809 (267 SE2d 244) (1980); *Hahne v. Wylly*, 199 Ga. App. 811 (406 SE2d 94) (1991); *Fleming v. Lee Engineering &c. Co.*, 184 Ga. App. 275 (361 SE2d 258) (1987).

2. The statute of limitation was not tolled on the claim for negligent construction. Because the Discovery Rule does not apply to damage to realty, *Mercer University v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988); *Hanna v. McWilliams*, 213 Ga. App. 648 (446 SE2d 741) (1994), Moore's claim is time barred by the four-year statute of limitation on claims for trespass or damage to realty under OCGA § 9-3-30. However, the claims do fall within the eight-year statute of repose of OCGA § 9-3-51 and Moore alleges Meeks fraudulently concealed the defects in the stucco from him, thereby tolling the time

period under OCGA § 9-3-96 for filing his claim.

In order to show fraudulent concealment under OCGA § 9-3-96 sufficient to toll the statute of limitation, a plaintiff must show (1) the defendant committed actual fraud involving moral turpitude; (2) the fraud concealed the cause of action from the plaintiff; (3) plaintiff exercised reasonable diligence to discover the fraud. *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980). Further, "[t]o toll the statute of limitation, concealment of a cause of action must be by positive affirmative act and not by mere silence." *Comerford v. Hurley*, 154 Ga. App. 387, 388 (268 SE2d 358) (1980). There must be some trick or artifice employed to mislead the party who has the cause of action. *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417, 422 (138 SE2d 687) (1964).

Moore makes no argument as to how Meeks' construction of the house involved an act of moral turpitude, or by what artifice he concealed the faulty construction. Moore was also on notice of a problem with the stucco, because, as he admits, there was a large crack in it which he noted prior to closing on the house. Even considering the unsworn affidavit which Moore submitted in response to Meeks' motion for summary judgment, Moore can meet none of the requirements to support a claim for fraudulent concealment. Accordingly, the trial court correctly determined that Moore's claims were barred by the statute of limitation.

3. Moore also claims the trial court erred in not considering the unsworn affidavit submitted in response to Meeks' motion for summary judgment, or in the alternative, in not allowing him to conform the affidavit. As previously discussed, even considering the affidavit, Moore cannot support his claim. Therefore, in light of our holding above, we need not address this issue.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 7, 1997.

*Melnick, Moore & Elliott, Larry M. Melnick*, for appellant.
*Beck, Owens & Murray, Richard L. Collier*, for appellee.