A97A1981. WILSON et al. v. PHILLIPS.
(495 SE2d 904)

Judge Harold R. Banke.

William and Doreta Wilson ("Wilsons") filed suit against Larry M. Phillips d/b/a Larry Phillips Contractors ("Phillips") more than eight years after the substantial completion of the construction of their home. The Wilsons appeal the trial court's decision that their claims were untimely.

The Wilsons sued Phillips for faulty construction and fraud alleging that Phillips, the seller and builder of their house, negligently erected the foundation and footings over buried construction trash and vegetative debris. The Wilsons asserted that Phillips fraudulently and deliberately deceived them that the footings and foundation were laid over solid ground in compliance with the applicable building code. According to their complaint, extensive damage and structural failure rendered the house uninhabitable.

The record discloses that William Wilson initially noticed some cracks in the foundation and walls in 1986, but did not contact the county until 1993, at which time an inspector informed him that she believed the problems were caused by grading and drainage. Wilson conceded that he delayed further contact with the county inspection department until January 1995. The Wilsons' only attempt to contact Phillips about the foundation problems did not occur until 1995.

It is undisputed that Phillips substantially completed the construction in late September 1985 and that the Wilsons did not file the underlying action until August 1995. The sole issue on appeal is whether summary judgment was precluded by the Wilsons' evidence of fraudulent concealment so as to toll the four-year statute of limitation on damage to realty (OCGA § 9-3-30) and the four-year statute of limitation on fraud (OCGA § 9-3-96) until such time when the defect was discoverable. *Held:*

In order to establish fraudulent concealment under OCGA § 9-3-96 sufficient to toll the statute of limitation, a plaintiff must prove that: (1) the defendant committed actual fraud involving moral turpitude, (2) the fraud concealed the cause of action from the plaintiff, and (3) the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the applicable statute of limitation. *Jim Walter Corp. v. Ward,* 245 Ga. 355, 357 (265 SE2d 7) (1980). Moreover, to toll the statute of limitation under

OCGA § 9-3-96, the concealment of a cause of action must be by positive affirmative act, not by mere silence. *Comerford v. Hurley*, 154 Ga. App. 387, 388 (268 SE2d 358) (1980). "'"To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent."'" [Cit.]" *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417, 422 (1) (138 SE2d 687) (1964). See *Moore v. Meeks*, 225 Ga. App. 287, 288 (2) (483 SE2d 383) (1997). Here, the Wilsons made no showing as to how Phillips' construction of the house involved an act of moral turpitude or by what artifice he concealed the faulty construction. Id.

It is true that fraud in the sale of realty may be based on "a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which[,] though not readily discernible, is known to the seller." *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 75 (441 SE2d 421) (1994). But where a purchaser claims passive concealment by the seller of defective realty, "'the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect could not have been discovered by the buyer by the exercise of due diligence and that the seller . . . was aware of the problems and did not disclose them.' [Cit.]" Id. at 76.

To avert summary judgment, the Wilsons could not rest on their pleadings but had to present some evidence that Phillips concealed the cause of action or committed actual fraud. *Jim Walter Corp.*, 245 Ga. at 357. This they failed to do. Phillips' uncontroverted testimony was that he had no knowledge about any debris being buried under the house. According to Phillips, he had been present "on and off" while his subcontractor was grading the property. Thus, the Wilsons failed to show that Phillips knew about this burial pit, or witnessed it being covered up, or participated in concealing it.[1] Compare *Jennings v. Smith*, 226 Ga. App. 765, 766-767 (1) (487 SE2d 362) (1997) (summary judgment reversed where evidence showed that defendant actively participated in supervising the concealment of construction defects).

Nor did the Wilsons offer evidence that Phillips hindered or prevented them from discovering the serious nature of the problem sooner. See *Ben Farmer Realty*, 212 Ga. App. at 77. Although the presence of buried debris is not the type of defect that would be read-

---

[1] The Wilsons' effort to raise a disputed issue of material fact about the disappearance of a number of large trees is unavailing. William Wilson admitted that there were two other burial pits on the land and that he saw trees being buried in those pits.

ily discernible by a purchaser, the Wilsons failed to show any act or artifice by Phillips to deter them from timely obtaining the true facts. See *Morris v. Atlanta Legal Aid Society*, 222 Ga. App. 62, 64 (1) (473 SE2d 501) (1996); *Coleman v. Hicks*, 209 Ga. App. 467, 469 (4) (433 SE2d 621) (1993). Compare *Jennings*, 226 Ga. App. at 767 (2); *Moore*, 225 Ga. App. at 288 (2).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JANUARY 22, 1998.

*Evans & Bell, Mark G. Evans*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Kenneth M. Barre, Sharon B. Austin*, for appellee.