A98A1064. ARMSTRONG v. ROYAL LAKES ASSOCIATES, L.P.
(502 SE2d 758)

BLACKBURN, Judge.

On March 15, 1994, James L. Armstrong purchased an unimproved lot in a subdivision developed by Royal Lakes Associates, L.P. Armstrong purchased this lot from Joseph and Helen Cho, who had purchased it from Royal Lakes on September 24, 1990. Armstrong began construction of a residence on the lot in May 1995. During excavation, a large amount of material, such as burned stumps and logs, cans, hydraulic fluid containers, grass and fertilizer bags, and metal strips, was discovered buried on the property. As a result of the presence of this material, Armstrong incurred additional construction expenses, including clearing and refilling the burial pits, resiting the house on a different portion of the lot, relocating the septic tank

drain field and installing a pumping station. Armstrong also had to abandon plans to build a swimming pool on the property. Armstrong sued Royal Lakes for negligence, fraud, and breach of warranty, and also sought punitive damages and attorney fees. The trial court granted summary judgment to Royal Lakes, and Armstrong appeals.

1. With respect to Armstrong's negligence claim, the statute of limitation on an action for damages to realty is four years from the date the right of action accrues. OCGA § 9-3-30. In *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988), the Supreme Court held that the discovery rule exception, under which a cause of action does not accrue until the plaintiff discovers or should have discovered the injury, is not applicable to a claim for damage to realty. The court held that the discovery rule "is confined to cases of bodily injury which develop only over an extended period of time." (Punctuation omitted.) Id. at 366 (1). Accordingly, the court held that "[a]n action under OCGA § 9-3-30 must be brought within four years of substantial completion." Id. at 366 (1).

We note that most of the cases involving damage to realty involve the construction of buildings or other improvements to real property. The exclusion of the discovery rule can have a harsh result where unimproved property is involved. Neither OCGA § 9-3-30, nor our Supreme Court holdings, however, recognize any exception for unimproved real property. Therefore, any such distinction must be made by the Supreme Court or the legislature.

In this case, there is no evidence that any construction or building activity was done on or around the lot after 1989, or that the debris was buried on the lot after that time. Accordingly, the limitation period expired by the end of 1993, before Armstrong purchased the property. Having bought the property after the expiration of the limitation period, Armstrong can point to no facts showing that Royal Lakes committed a fraud that debarred or deterred him from bringing an action so as to toll the statute of limitation pursuant to OCGA § 9-3-96. Moreover, Armstrong admits that he has no evidence that Royal Lakes was aware of the burial of debris on the lot. Accordingly, Armstrong's claim is barred by the statute of limitation.

Armstrong's contention that OCGA § 9-3-51, and not OCGA § 9-3-30, is the applicable statute of limitation is without merit. OCGA § 9-3-51 (a) provides that no action for injury to property arising out of "any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property . . . shall be brought . . . more than eight years after substantial completion of such an improvement."

However, OCGA § 9-3-51 (a) is not a separate statute of limitation, but a statute of ultimate repose. "OCGA § 9-3-51 does not estab-

lish an eight-year statute of limitation; it establishes an outside time limit, which commences upon substantial completion of the improvement to the real property, and within which preexisting statutes of limitation continue to operate. *Benning Constr. Co. v. Lakeshore Plaza &c.*, 240 Ga. 426, 428 (241 SE2d 184) [(1977)]; *Fort Oglethorpe Assoc. [v. Hails Constr. Co.*, 196 Ga. App. 663, 665 (396 SE2d 585) (1990)]." (Emphasis omitted.) *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741) (1994). Accordingly, OCGA § 9-3-51 (a) does not extend the limitation period set forth in OCGA § 9-3-30.

We have previously rejected the contention that *Mercer*, which requires that an action for damage to realty be brought within four years of substantial completion, does not apply to a case in which a statute of ultimate repose is applicable. "The purpose of the statute of repose is to impose an outside limit on the bringing of lawsuits which are otherwise brought within the applicable statutory period after the action has accrued. See OCGA § 9-3-53. The Georgia courts have never interpreted the statute of repose for construction cases as extending the otherwise applicable period of limitation. It is clear from a reading of OCGA § 9-3-53 that the legislature never intended OCGA § 9-3-51 to establish a new eight year statute of limitation in place of the two, four and six years statutes that may be applicable depending on the cause of action alleged. *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, [supra]." (Punctuation omitted.) *Fort Oglethorpe*, supra. Since Armstrong failed to bring his claim within the four-year period required by OCGA § 9-3-30, his claim is barred.

Moreover, OCGA § 9-3-51 (a) is not applicable in any event, as this case did not involve a deficiency in the construction of an improvement to real property. See *Turner v. Marable-Pirkle, Inc.*, 238 Ga. 517, 519 (233 SE2d 773) (1977) (statute "is applicable only to 'an improvement to real property' "). The words "improvement to real property" must be given a commonsense interpretation. *Hanna*, supra at 652 (3); *Mullis v. Southern Co. Svcs.*, 250 Ga. 90, 93 (4) (296 SE2d 579) (1982). "An *improvement*, as contemplated by the statute, denotes a fixed alteration to the real estate." *Hanna*, supra. "Several factors have arisen as being important to a commonsense analysis of what constitutes an improvement to real property. These factors are (1) is the improvement permanent in nature; (2) does it add to the value of the realty, for the purposes for which it was intended to be used; (3) was it intended by the contracting parties that the 'improvement' in question be an improvement to real property or did they intend for it to remain personalty." *Mullis*, supra at 94 (4).

The burial of construction debris on an undeveloped lot cannot be considered an "improvement" to real property under any commonsense interpretation of the word. Accordingly, OCGA § 9-3-51 (a) is not applicable to this case.

2. The trial court also granted summary judgment on Armstrong's claims for fraud and breach of warranty. As Armstrong's enumerations do not encompass these rulings, we will not consider them.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 22, 1998.

*Philip M. Casto*, for appellant.
*Stewart, Melvin & Frost, William H. Blalock, Jr.*, for appellee.