## A00A0600. DOLLAR v. NATIONSBANK OF GEORGIA, N.A.
(534 SE2d 851)

ANDREWS, Presiding Judge.

Janice L. Dollar's residence sustained water damage during widespread flooding which occurred in the Albany area in July 1994. Dollar had maintained a flood insurance policy on the residence since 1973 as a condition of the existing first mortgage on the residence with Albany First Federal Savings & Loan, but she allowed the flood insurance to lapse in 1993 prior to the flood. In a suit against NationsBank of Georgia, N.A. for the uninsured damage, Dollar alleged that, when she obtained a second mortgage on the residence from NationsBank in March 1993, NationsBank told her the residence was not in a flood hazard zone and did not require her to maintain flood insurance on the residence as a condition of the second mortgage. Dollar alleges that this representation was incorrect — that her residence was in a flood hazard zone — and that she relied on the incorrect information provided by NationsBank when she allowed the flood insurance required by her first mortgage to lapse.[1]

In granting summary judgment to NationsBank, the trial court concluded that, even if NationsBank incorrectly informed Dollar that her residence was not in a flood hazard zone, it was not liable for any damages resulting from Dollar's decision to rely on the incorrect information and to allow the existing flood insurance to lapse. Because we conclude that NationsBank had no duty to provide accurate flood hazard information to Dollar and that Dollar did not justifiably rely on NationsBank's representations, we affirm.

Dollar deposed that, during the second mortgage closing, she asked NationsBank's representative Franklin if the bank was going to require that she have flood insurance.

Q . . . And what did Mr. Franklin say to you when you asked him about this flood insurance?
A He said that he, by checking the map and looking at the flood hazards on the map that he, that I was not in a flood hazard zone. That I was not going to be required to have flood insurance to secure the loan.
Q Mr. Franklin told you that you would not be required to purchase flood hazard insurance to secure the Nations-Bank's loan, is that right?
A He said I did not have to have the flood insurance.
Q To get the loan, correct? . . .
A Yes.

---

[1] Although NationsBank does not concede that the residence was located in a flood hazard zone, it assumed this to be so for purposes of its motion for summary judgment.

Q All right. What else, if anything, did Mr. Franklin tell you concerning flood insurance?
A He also mentioned that it looked to him that, that I was not in the flood hazard zone.

Franklin deposed that NationsBank's interest in determining whether or not a residence securing a mortgage is located in a flood hazard zone is to allow the bank to protect its collateral by requiring flood insurance on residences subject to potential flood damage. Evidence showed that, as part of the second mortgage closing on Dollar's residence, Albany Real Estate Services, Inc. performed an appraisal of the residence for NationsBank, which referred to an attached map and noted that whether or not the residence was in a flood hazard zone was "too close to call."

The record shows that NationsBank and Dollar were involved in an arm's length mortgage transaction. Under these circumstances, there was no confidential relationship, and Dollar had a duty to exercise ordinary diligence to protect her own interest. *Lothridge v. First Nat. Bank &c.*, 217 Ga. App. 711, 715 (458 SE2d 887) (1995); *First Union Nat. Bank &c. v. Gurley*, 208 Ga. App. 647, 648-649 (431 SE2d 379) (1993). NationsBank's primary duty was to protect its interest in the security of the mortgage. *Lothridge*, 217 Ga. App. at 715.

Accordingly, NationsBank's determination as to whether or not Dollar's residence was in a flood hazard zone was made, not for Dollar's benefit, but for the purpose of protecting the bank's interest in its collateral. See *Butts v. Atlanta Fed. Sav. &c.*, 152 Ga. App. 40, 42-43 (262 SE2d 230) (1979); *Harden v. Akridge*, 193 Ga. App. 736 (389 SE2d 6) (1989). It follows that NationsBank had no duty to Dollar to accurately make that determination, and Dollar was not entitled to rely on NationsBank's representations. See *Butts*, 152 Ga. App. at 42-43; *First Fed. Sav. Bank &c. v. Fretthold*, 195 Ga. App. 482, 485-486 (394 SE2d 128) (1990).

Moreover, Dollar had maintained flood insurance on her residence for 20 years as a condition of her existing first mortgage with Albany First Federal prior to allowing it to lapse. Assuming the residence was located in a flood hazard zone, nothing prevented Dollar from checking with her first mortgage lender or her flood insurance agent to confirm that fact. *Copeland v. Home Sav. of America,* 209 Ga. App. 173, 174-175 (433 SE2d 327) (1993). The facts do not support Dollar's claim that she justifiably relied on NationsBank's representations. Id.

The trial court correctly granted summary judgment in favor of NationsBank.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 19, 2000.

*Vansant, Corriere, McClure & Dasher, Alfred N. Corriere*, for appellant.
*Parker, Hudson, Rainer & Dobbs, Erika C. Birg, William J. Holley II*, for appellee.