A00A1422. MITCHELL et al. v. JONES.
A00A1435. REISSIGER et al. v. JONES.
(541 SE2d 103)

JOHNSON, Chief Judge.

In these cases we are asked to determine if the four-year statute of limitation in damage to realty actions[1] or the six-year statute of limitation in breach of written contract actions[2] governs a breach of contract claim for house damage caused by the use of synthetic stucco. We conclude that the six-year statute of limitation applies to such a contract claim. We therefore reverse the trial court's summary judgment rulings that the homeowners' breach of contract claims against the builder are barred by the four-year statute of limitation. However, we affirm the trial court's summary judgment rulings that the homeowners' tort and fraud claims for damage to realty are barred by the four-year statute of limitation.

The record shows that Bennie and Betty Mitchell and John and Kathy Reissiger contracted with Joseph Jones d/b/a Progressive Builders to purchase newly constructed homes built by Jones' construction company. The Mitchells closed on their home on September 2, 1994. The Reissigers closed on their home on June 7, 1994. In 1999, the Mitchells and the Reissigers discovered that their homes had substantial wood rot under the exterior insulation and finishing system, also known as synthetic stucco.

On March 4, 1999, the Mitchells filed suit against Jones. On March 8, 1999, the Reissigers filed suit against Jones. Both suits asserted claims for negligence, breach of contract, negligent misrepresentation and fraud. Jones moved for summary judgment on the basis that the suits were barred by the four-year statute of limitation set forth in OCGA § 9-3-30 because all claims involved damage to property. The trial court granted the motions, finding that the four-year statute of limitation was applicable to all of the claims and that

---

[1] OCGA § 9-3-30.
[2] OCGA § 9-3-24.

the records were devoid of evidence of fraud which would toll the limitation period.

The Mitchells and the Reissigers appeal the trial court's orders, asserting the same enumerations of error. Because these cases involve the same issues and essentially the same facts, we have consolidated them on appeal.

1. The Mitchells and the Reissigers first contend that the trial court erred in applying the four-year statute of limitation to their contract claims. We agree.

Written contracts are governed by the six-year statute of limitation found in OCGA § 9-3-24.[3] This statute states that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable."[4] The period of limitation on a construction contract commences on the date the work was substantially complete.[5] It is undisputed that the Mitchells and the Reissigers filed their actions within six years of the date their homes were substantially complete. Because the homeowners filed their actions within the applicable six-year statute of limitation governing simple contracts, summary judgment was not warranted as to their contract-based claims.

Jones argues that the four-year statute of limitation found in OCGA § 9-3-30 applies to *all* actions for damage to property. Having extensively reviewed the applicable case law, we conclude that the four-year statute of limitation in OCGA § 9-3-30 applies only to tort actions for damage to property. Actions arising out of contract do not fall within OCGA § 9-3-30's purview. The foundation for both the Mitchells' and the Reissigers' contract claims is simply the failure of Jones to fulfill the contract with a home suitable for its intended purpose and use and constructed with quality workmanship and materials.[6] That the Mitchells and the Reissigers have experienced consequential damages that may be described as "damage to property" does not change the fact that their claims are based on Jones' contractual duty.

In addition, the fact that the cases involve contracts for the sale of new construction rather than contracts for construction is irrelevant. It is undisputed that Jones chose the materials to be used on the job, chose the contractors, supervised the construction on the job

---

[3] See *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 428-429 (241 SE2d 184) (1977).

[4] OCGA § 9-3-24.

[5] *Fort Oglethorpe Assoc. II v. Hails Constr. Co. &c.*, 196 Ga. App. 663 (1).(396 SE2d 585) (1990).

[6] See *Pinnacle Constr. Co. v. Osborne*, 218 Ga. App. 366, 367 (2) (460 SE2d 880) (1995) (a builder's failure to satisfy the duty of good workmanship allows a suit for defects in the house based on the sales contract).

site, was responsible for following code requirements, had nondelega-ble duties as a general contractor and ultimately sold the house.[7] Implied in every contract by a builder-seller is the implied duty that construction was performed in a fit and workmanlike manner.[8] This contractual duty is breached "when the builder fails to exercise a rea-sonable degree of care, skill, and ability under similar conditions and like surrounding circumstances as is ordinarily employed by others in the same profession."[9] It is clear from the records in these cases that questions of material fact exist regarding whether Jones failed in this duty and whether such failure caused a breach of contract. We hold that the same six-year statute of limitation that applies to a con-tract for construction also applies to a contract for the sale of new construction by a professional builder-seller.

2. The Mitchells and the Reissigers next claim that they timely filed their tort causes of action because the causes of action could not accrue until they discovered the damage, and they did not discover any damage until 1999. They base their claims on OCGA § 9-3-30 (a), which states that actions for damage to realty must be brought within four years after the right of action accrues. However, prior to the recent amendment to OCGA § 9-3-30,[10] it was well established that the "discovery rule" did not apply to damage to realty.[11] More-over, the Mitchells and the Reissigers concede that the recent amendment adding a "discovery rule" for actions such as the ones presented here does not apply retroactively.[12]

Case law decided prior to the recent amendment to OCGA § 9-3-30 is clear: The discovery rule was confined to cases of bodily injury which developed over an extended period of time; an action under OCGA § 9-3-30 for damage to realty must have been brought within four years of substantial completion of the work.[13] This rule applies notwithstanding the fact that the Mitchells and the Reissigers may have had no knowledge of any alleged defects until after the substan-

---

[7] See OCGA § 51-2-5; *Hudgins v. Bacon*, 171 Ga. App. 856 (321 SE2d 359) (1984).

[8] *Hall v. Harris*, 239 Ga. App. 812, 817 (4) (521 SE2d 638) (1999).

[9] (Citations omitted.) Id.

[10] The 2000 General Assembly apparently recognized the latency problems associated with synthetic stucco and, therefore, amended the limitation statute to establish a four-year discovery rule for actions brought for the recovery of damage to a dwelling caused by syn-thetic exterior siding. OCGA § 9-3-30 (b).

[11] See *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988); *Moore v. Meeks*, 225 Ga. App. 287 (2) (483 SE2d 383) (1997).

[12] See OCGA § 9-3-30 (b) (2): "This subsection shall not revive any cause of action which was barred by former law before March 28, 2000."

[13] *Corp. of Mercer Univ.*, supra at 366 (1); *Hanna v. McWilliams*, 213 Ga. App. 648, 649-651 (2) (446 SE2d 741) (1994). Compare *Travis Pruitt & Assoc. v. Bowling*, 238 Ga. App. 225, 226 (1) (518 SE2d 453) (1999) (where the defect is in property owned by someone other than the plaintiff, a cause of action does not accrue until the plaintiff sustains damage).

tial completion of the house.[14] When the Mitchells and the Reissigers discovered the damage is irrelevant under the former, applicable version of OCGA § 9-3-30. Because both homes were substantially completed in mid-1994, the four-year statute of limitation expired in mid-1998, and the Mitchells' and the Reissigers' tort claims are clearly barred under OCGA § 9-3-30.

The homeowners contend that their tort claims should not be barred because they timely filed them within the eight-year statute of repose pursuant to OCGA § 9-3-51 (a) (1). According to the Mitchells and the Reissigers, the statute of repose extends the four-year statute of limitation to eight years after substantial completion of an improvement to realty. However, OCGA § 9-3-53 states that nothing in the statute of repose article "shall extend the period of limitations prescribed by the law of this state for the bringing of any action or shall postpone the time as of which a cause of action accrues." This Court has previously rejected the argument advanced by the homeowners: "It is clear from a reading of OCGA § 9-3-53 that the legislature never intended OCGA § 9-3-51 to establish a new eight year statute of limitation in place of the two, four and six years statutes that may be applicable depending on the cause of action alleged."[15]

We have consistently held that the statute of repose does not extend the applicable statute of limitation, but merely provides the absolute limit within which any action could be brought under the appropriate statute of limitation.[16] Thus,

> [a]n action under OCGA § 9-3-30 for a construction defect for improvement to realty must be brought within four years of substantial completion of the work, because the right of action immediately vested for the defective work at such time, commencing the running of the statute of limitation.[17]

The Mitchells' and the Reissigers' tort causes of action are governed by OCGA § 9-3-30 and were not timely filed.

3. The Mitchells and the Reissigers contend that summary judgment on their tort and fraud causes of action was precluded by evidence of fraudulent concealment and negligent misrepresentation so as to toll the four-year statute of limitation on damage to realty

---

[14] See *Howard v. McFarland*, 237 Ga. App. 483, 486 (3) (a) (515 SE2d 629) (1999) (physical precedent only).

[15] (Citations and punctuation omitted.) Id. at 487; *Armstrong v. Royal Lakes Assoc.*, 232 Ga. App. 643, 644-645 (1) (502 SE2d 758) (1998); *Fort Oglethorpe Assoc.*, supra at 664-665 (3).

[16] *Hall*, supra at 818 (5); see *Howard*, supra; *Armstrong*, supra; *Fort Oglethorpe Assoc.*, supra.

[17] *Hall*, supra.

(OCGA § 9-3-30) and the four-year statute of limitation on fraud (OCGA § 9-3-96) until such time when the defects were discoverable. This argument is based upon the contention that Jones knew about the defects in synthetic stucco systems at the time he sold the house to the Mitchells and the Reissigers, yet withheld this information from the homeowners and represented that the homes were constructed with quality workmanship and materials. However, the Mitchells and the Reissigers failed to present any competent evidence rebutting Jones' affidavit testimony that he did not know of any problems associated with the use of synthetic stucco.

To establish fraudulent concealment under OCGA § 9-3-96 sufficient to toll the statute of limitation, the homeowners must prove that (1) Jones committed actual fraud involving moral turpitude, (2) the fraud concealed the cause of action from the homeowners and (3) the homeowners exercised reasonable diligence to discover their cause of action despite their failure to do so within the applicable statute of limitation.[18] Moreover, to toll the statute of limitation under OCGA § 9-3-96, the concealment of a cause of action must be by positive affirmative act, not by mere silence.[19] Some trick or artifice must be employed to prevent inquiry or elude investigation or to mislead and hinder the party who has the cause of action from obtaining the information, and the acts relied on must be of an affirmative character and fraudulent.[20] Here, the Mitchells and the Reissigers made no showing as to how Jones' construction of the houses or actions in selling the houses to them involved an act of moral turpitude or by what artifice he concealed the allegedly faulty construction.

Where a purchaser claims passive concealment by the seller of defective realty,

> the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect could not have been discovered by the buyer by the exercise of due diligence and that the seller was aware of the problems and did not disclose them.[21]

To avert summary judgment, the Mitchells and the Reissigers could not rest on their pleadings but had to present some evidence that Jones concealed the cause of action or committed actual fraud.[22] This

---

[18] See *Wilson v. Phillips*, 230 Ga. App. 290 (495 SE2d 904) (1998).
[19] *Howard*, supra at 487; *Wilson*, supra.
[20] Id.; *Moore*, supra at 288.
[21] (Citations and punctuation omitted.) *Wilson*, supra at 291.
[22] Id.

they failed to do.

Jones' uncontroverted testimony was that he had no knowledge about any alleged defects with the use of synthetic stucco. The only evidence in the record submitted by the homeowners to support their allegations of fraudulent concealment consists of (1) a 1991 article addressing moisture and wood rot problems associated with synthetic stucco, (2) 1992 standards addressing the need for sealant joints to prevent moisture intrusion, (3) deposition testimony from the president of the stucco supply company stating that he distributed installation direction brochures for buyers of his product and (4) an expert affidavit documenting construction defects. There is no evidence rebutting Jones' testimony that he did not know of any problems associated with the use of synthetic stucco. There is also no evidence that Jones affirmatively concealed any allegedly defective construction or that he hindered or prevented the homeowners from discovering any alleged defect. Although the damages suffered by the Mitchells and the Reissigers are not the type of damages that would be readily discernible by the purchaser, the homeowners failed to show any act or artifice by Jones to deter them from timely obtaining the true facts.[23]

Even construing the facts in the records in a light most favorable to the homeowners, the homeowners have not met the requirements to support a claim for fraudulent concealment.[24] The records contain no evidence of fraud or fraudulent concealment which would toll any of the applicable statutes of limitation, and the trial court correctly granted Jones' motion for summary judgment with respect to the Mitchells' and the Reissigers' tort and fraud causes of action.

*Judgments affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 24, 2000 —
RECONSIDERATION DENIED DECEMBER 1, 2000 —

*Eugene C. Brooks IV, Christopher M. Kessinger,* for appellants.
*McCorkel, Pedigo & Johnson, David H. Johnson, Amy E. Edgy,* for appellee.

---

[23] See id. at 291-292.
[24] See *Moore,* supra.