A00A1794. SMITH et al. v. KLS CONSTRUCTION COMPANY, INC.
(544 SE2d 197)

PHIPPS, Judge.

W. Hughes Smith III and Barbara Smith filed suit against the builder-seller of their home for damages allegedly caused by the use of synthetic stucco. The trial court ruled that their claims were barred by the statute of limitation, and they appeal. Because we find that the trial court applied the wrong statute of limitation to the Smiths' breach of contract claim, we reverse that portion of the trial court's summary judgment ruling.

In 1993, the Smiths contracted with KLS Construction Com-

pany, Inc. to construct their Savannah home. The house was substantially completed and a certificate of occupancy was issued in 1994. An inspection performed in 1999 revealed problems associated with the application of the exterior insulation and finishing system, or synthetic stucco, including termites and wood rot.

On April 22, 1999, the Smiths filed suit against KLS and asserted claims for negligent construction, breach of warranty, breach of contract and bad faith. KLS moved for summary judgment on the basis that the Smiths' claims were barred by the four-year statute of limitation set forth in OCGA § 9-3-30 for trespass or damage to realty and that no basis existed upon which to toll the running of the statute. The trial court granted the motion, finding that the four-year statute of limitation was applicable to all of the Smiths' claims and that the record was devoid of evidence of fraud that would toll the limitation period. The Smiths appeal that decision, challenging only the dismissal of their breach of contract claim.

1. Recently we addressed the same issue in *Mitchell v. Jones*[1] and determined that the six-year statute of limitation governing simple written contracts[2] applies to a contract for the sale of new construction by a professional builder-seller. Applying that rule here, we hold that the Smiths' breach of contract claim against KLS is subject to the six-year statute of limitation.

The limitation period on a construction contract commences on the date the work was substantially complete.[3] It is undisputed that the Smiths filed their complaint within six years of the date their home was substantially complete. Because the Smiths brought their action within the applicable six-year statute of limitation governing simple written contracts, summary judgment was not warranted on their breach of contract claim.[4]

2. Because we find that the Smiths' claim for breach of contract was brought within the applicable statute of limitation, we need not address whether fraud or fraudulent concealment tolled the running of the limitation period.

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 8, 2001.

*Eugene C. Brooks IV*, for appellants.
*Ellis, Painter, Ratterree & Bart, Tracy O'Connell, Rebecca C.*

---

[1] 247 Ga. App. 113, 114 (1) (541 SE2d 103) (2000).
[2] OCGA § 9-3-24.
[3] *Fort Oglethorpe Assoc. v. Hails Constr. Co.*, 196 Ga. App. 663 (1) (396 SE2d 585) (1990).
[4] *Mitchell*, supra.

*Benton*, for appellee.

*Pursley, Howell, Lowery & Meeks, Paul A. Howell, Jr., John C. Amabile, Charles F. Peebles, Lane R. Frostbaum*, amici curiae.