A00A2319. MITCHELL et al. v. CONTRACTORS SPECIALTY
SUPPLY, INC.
A00A2320. REISSIGER et al. v. CONTRACTORS SPECIALTY
SUPPLY, INC.
(544 SE2d 533)

JOHNSON, Presiding Judge.

*Case No. A00A2319*

Bennie and Betty Mitchell sued Contractors Specialty Supply, Inc. ("CSSI"), claiming that CSSI manufactured the allegedly defective synthetic stucco cladding used in the construction of their home. They asserted claims against CSSI for strict liability, negligence, negligent misrepresentation, breach of contract, fraud and bad faith. Finding that the applicable statute of limitation had expired, the trial court granted CSSI's motion for summary judgment. In this case, the Mitchells appeal the trial court's grant of summary judgment with respect to their strict liability claim. We are constrained to agree with the trial court and affirm on this issue.

In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion.[1] On appeal of the grant of summary judgment, we must determine whether the trial court erred in concluding that no genuine issue of material fact exists and that the party was entitled to summary judgment as a matter of law.[2]

The Mitchells purchased their new home in September 1994 from Joseph P. Jones d/b/a Progressive Builders. They sued Jones, and on July 13, 1999, they filed an amended complaint adding CSSI as a defendant.

In opposition to CSSI's motion for summary judgment, the Mitchells submitted an engineer's affidavit and attached report stating that the exterior insulation and finishing system ("EIFS") supplied by CSSI was defective, that the EIFS had allowed water to seep in behind its surface, that water damage was occurring on a daily basis and that the Mitchells would not have been aware of the damage without additional investigation. Bennie Mitchell affirmed that he did not discover the water damage to his home until 1999 and that the necessary repairs to the house were estimated to cost $52,668.75.

Recently, there have been several cases in this Court dealing with damage caused by the use of synthetic stucco. In most of those

---

[1] *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988).
[2] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

cases, the homeowners sued the builders, and the main issue concerned the applicability of various statutes of limitation.[3] The sole issue on appeal in this case is whether the Mitchells' strict liability claim against CSSI was barred by the applicable statute of limitation. The Mitchells agree that OCGA § 9-3-30 (a), providing for a four-year statute of limitation in strict liability actions, applies to their claim. However, they argue that the statute of limitation should begin to run only when the damage to their home was, or should have been, discovered.

In *Corp. of Mercer Univ. v. Nat. Gypsum Co.*,[4] our Supreme Court held to the contrary, finding that the "discovery rule" was confined to bodily injury which developed over an extended period of time. Accordingly, with respect to damage to real property, "[an] action under OCGA § 9-3-30 must be brought within four years of substantial completion."[5] This rule applies notwithstanding the fact that the Mitchells may have had no knowledge of any alleged defects until after the substantial completion of the house.[6]

The Mitchells nevertheless maintain that the four-year period for filing a claim did not first accrue on the date of substantial completion of their home, but rather from the date on which the damage to the home occurred. They cite OCGA § 51-1-11 (b) (1), which states that a product liability claim arises only when the product is defective and it causes damage. Accordingly, they argue, the statute of limitation in a strict liability action begins to run only when the house is damaged, and the date on which their home first became water damaged is a question of material fact which should be answered by a jury.

It is well settled that a cause of action for damage to a building accrues at the time of construction.[7] Neither the discovery rule nor the continuing tort theory is applicable to actions involving only damage to real property.[8] Since the Mitchells' damages strictly involved damage to real property, their action for strict liability must have been filed within four years of substantial completion of the house.[9] Cases cited by the Mitchells involving defects in property not

---

[3] See, e.g., *Smith v. KLS Constr. Co.*, 247 Ga. App. 493 (544 SE2d 197) (2000); *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1 (542 SE2d 121) (2000); *Mitchell v. Jones*, 247 Ga. App. 113 (541 SE2d 103) (2000).

[4] 258 Ga. 365 (1) (368 SE2d 732) (1988).

[5] *Corp. of Mercer Univ.*, supra at 366 (1); see also *Mitchell v. Jones*, supra.

[6] See *Mitchell v. Jones*, supra.

[7] See *U-Haul Co. &c. v. Abreu & Robeson, Inc.*, 247 Ga. 565, 566 (277 SE2d 497) (1981); *Corp. of Mercer Univ.*, supra; *Hanna v. McWilliams*, 213 Ga. App. 648, 649 (2) (a) (446 SE2d 741) (1994).

[8] *Hanna*, supra.

[9] The situation experienced by the Mitchells has been the subject of remedial action by the legislature. See amended OCGA § 9-3-30, which became effective March 28, 2000, and

owned by the plaintiffs are not applicable here.[10]

The Mitchells further argue that OCGA § 51-1-11 (c), which establishes a ten-year statute of repose with respect to product liability negligence claims, established by implication a discovery rule which would apply to their claim. The statute of repose actually appears to lie with OCGA § 51-1-11 (b) (2), which pertains to strict liability claims. The Mitchells argue that, where a statute of repose and a statute of limitation both apply, the statute of repose has no separate application unless the statute of limitation is applied from the date of discovery of the damage. The authority cited for this reasoning, *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*,[11] was overruled by *Corp. of Mercer Univ. v. Nat. Gypsum Co.* And, we have previously found that a statute of limitation may coexist with a statute of repose, even when no discovery rule is applicable to the statute of limitation.[12] Thus, under the law which was in effect at the time this cause of action arose, we are constrained to hold that the Mitchells' strict liability action began to run in September 1994 and was not timely filed pursuant to OCGA § 9-3-30.

Finally, the Mitchells argue that the amended OCGA § 9-3-30, which became effective March 28, 2000, and recognizes a discovery rule for property damage caused by synthetic siding, should apply to their claim.[13] However, applying the law applicable at the time the Mitchells asserted their claim against CSSI, the Mitchells' claim expired before March 28, 2000. As amended, OCGA § 9-3-30 (b) (2) provides: "This subsection shall apply to causes of action which had not expired under the former law before March 28, 2000. This subsection shall not revive any cause of action which was barred by former law before March 28, 2000."

For the foregoing reasons, the trial court correctly found that the Mitchells' claim was barred by the statute of limitation.

---

recognizes, prospectively, a discovery rule for property damage caused by synthetic siding.

[10] The Mitchells cite *Gleaton v. City of Atlanta*, 131 Ga. App. 399 (206 SE2d 46) (1974), and *Cox v. Cambridge Square Towne Houses*, 239 Ga. 127 (236 SE2d 73) (1977), which are both actions in nuisance.

[11] 254 Ga. 461 (330 SE2d 344) (1985).

[12] *Howard v. McFarland*, 237 Ga. App. 483, 486 (3) (a) (515 SE2d 629) (1999).

[13] Effective March 28, 2000, the statute was amended to provide, in part:

The causes of action specified in Code Section 51-1-11 and subsection (a) of Code Section 9-3-51 for recovery of damages to a dwelling due to the manufacture of or the negligent design or installation of synthetic exterior siding shall accrue when the damage to the dwelling is discovered or, in the exercise of reasonable diligence, should have been discovered, whichever first occurs. In any event, such cause of action shall be brought within the time limits provided in Code Sections 51-1-11 and 9-3-51, respectively.

OCGA § 9-3-30 (b) (1).

*Case No. A00A2320*

On June 3, 1994, John and Kathy Reissiger purchased a new home constructed with an EIFS supplied by CSSI. In 1999, the Reissigers discovered that the house had experienced substantial wood rot which they claim resulted from water which had seeped into the EIFS. On July 23, 1999, the Reissigers filed a product liability claim against CSSI. The trial court granted summary judgment to CSSI because the applicable statute of limitation had previously expired. The Reissigers' arguments for reinstating their strict liability claim mirror the arguments which we considered in Case No. A00A2319. Accordingly, and for the reasons set forth above in Case No. A00A2319, the trial court correctly granted summary judgment to CSSI because the statute of limitation on the Reissigers' claim had expired.

*Judgments affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 22, 2001 —

*Eugene C. Brooks IV,* for appellants.
*McCorkle, Pedigo & Johnson, David H. Johnson, A. Martin Kent, Joseph Y. Rahimi II, Margaret W. Sigman,* for appellee.