A00A2257. HICKEY et al. v. BOWDEN et al.
(548 SE2d 347)

ELLINGTON, Judge.

After discovering moisture damage under the synthetic stucco cladding used in the construction of their home, David and Kimberly Hickey sued David V. Bowden and Kevin Mathews d/b/a Mathews Custom Homes, Mathews Home Builders, Inc., and Mathews Custom Homes, Inc., the alleged builders and sellers of the home (collectively "the builders"), and Colormatch Exteriors, Inc., a manufacturer of the allegedly defective product. Against the builders, the Hickeys asserted claims for negligent construction, breach of express and implied warranties, and negligent misrepresentation. Against Colormatch, they asserted claims for product liability, negligent design and marketing, and negligent misrepresentation. Finding that the applicable statutes of limitation had expired, the trial court granted motions for summary judgment filed by the builders and Colormatch. The Hickeys appeal the trial court's grant of summary judgment, contending, inter alia, the trial court failed to apply the correct statute of limitation to their claim for breach of implied warranty and erred in determining when the causes of action accrued. We agree and reverse.

In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. On appeal of the grant of summary judgment, we must determine whether the trial court erred in concluding that no genuine issue of material fact exists and that the party was entitled to summary judgment as a matter of law.

(Footnotes omitted.) *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. 628 (544 SE2d 533) (2001).

Viewed in the light most favorable to the Hickeys, the evidence shows the following: In June 1995, the Hickeys signed a contract to buy a house from the builders. The Chatham County Building Inspections Department issued a certificate of occupancy for the house on July 13, 1995. The "Comments" section of the certificate of occupancy contains the notation "Completed 04/26/95." The purchase closed on July 27, 1995. After they discovered moisture damage under the synthetic stucco, the Hickeys filed their action against the builders and Colormatch on April 26, 1999.

In ruling on the motions for summary judgment, the trial court found that construction of the house was "completed in early April of 1995." The trial court noted that the director of the county building inspections department testified by affidavit that the "completed" date notation in the certificate of occupancy referred to the completion of the inspection process and not to the substantial completion of the structure. The trial court stated, "[i]t stands to reason that if the inspection process was completed on April 26, 1995, then the substantial completion of the building must have occurred prior to that date." The trial court applied the four-year limitation period for actions for damage to realty provided in OCGA § 9-3-30[1] to all claims, concluded the action was filed more than four years after the right of action accrued in early April 1995, and granted the motions for summary judgment.

1. The Hickeys contend that the trial court should have applied the six-year limitation period for contract actions set out in OCGA

---

[1] At the time relevant to this action, OCGA § 9-3-30 provided, "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." The General Assembly amended § 9-3-30, for claims which had not expired under the previous law by March 28, 2000, to provide that certain actions for damage due to the manufacture of synthetic exterior siding "shall accrue when the damage to the dwelling is discovered or, in the exercise of reasonable diligence, should have been discovered, whichever first occurs." OCGA § 9-3-30 (b) (1), (2) (2000). See *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. at 630.

§ 9-3-24 to their claim for breach of implied warranty, rather than the four-year limitation period for damage to property actions. We agree. We have recently held that claims arising out of contract made by homeowners against professional builders-sellers are subject to the six-year limitation period provided in OCGA § 9-3-24. *Smith v. KLS Constr. Co.*, 247 Ga. App. 493 (544 SE2d 197) (2001); *Mitchell v. Jones*, 247 Ga. App. 113, 114 (1) (541 SE2d 103) (2000); *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1, 3 (1) (542 SE2d 121) (2000). Further, "the same six-year statute of limitation that applies to a contract for construction also applies to a contract for the sale of new construction by a professional builder-seller." *Mitchell v. Jones*, 247 Ga. App. at 115 (1). We have specifically applied the six-year statute to claims for breach of implied warranty. *Stimson v. George Laycock, Inc.*, 247 Ga. App. at 1, 3. Accordingly, the trial court erred in applying a four-year limitation period to the Hickeys' claim for breach of implied warranty.

"The period of limitation on a construction contract commences on the date the work was substantially complete." (Footnote omitted.) *Mitchell v. Jones*, 247 Ga. App. at 114 (1). Because it is undisputed that the Hickeys filed their complaint within six years of the date their home was substantially complete, summary judgment was not warranted on their contract-based claim. *Smith v. KLS Constr. Co.*, 247 Ga. App. at 494 (1).

2. The Hickeys contend the trial court erred in concluding the construction was substantially completed, and therefore their causes of action accrued, before April 26, 1995, more than four years before they filed their complaint. We agree. The Hickeys concede the four-year limitation period for damage to realty applies to their tort claims against the builders and to their claims against Colormatch. See *Mitchell v. Jones*, 247 Ga. App. at 115 (2) (builders-sellers); *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. at 629 (manufacturer).

It is well settled that the starting date for damage to realty claims is the date of "substantial completion." *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. at 629 (product liability claim against manufacturers of allegedly defective construction materials). See *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988) (tort action for damage to property against manufacturers of allegedly defective construction materials); *Hall v. Harris*, 239 Ga. App. 812, 818 (5) (521 SE2d 638) (1999) (negligent construction claim against builder-seller). The trial court found that the date April 26, 1995, on the certificate of occupancy reflected when the inspection process was completed and concluded that the building must have been substantially completed before the final inspection. The trial court did "not equate the issuance of the Certificate of Occu-

pancy with the substantial completion of the building." The Hickeys contend the date of substantial completion of their home was no earlier than July 13, 1995, the date the county issued the certificate of occupancy, because until then the house could not legally be occupied.[2] This appears to be a matter of first impression in Georgia.

OCGA § 9-3-30 does not define "substantial completion," but the phrase is defined for purposes of the statute of repose for claims for deficiencies in construction of improvements to real property, OCGA § 9-3-51. For the statute of repose, "substantial completion" is defined as "the date when construction was sufficiently completed, in accordance with the contract . . . so that the owner could occupy the project for the use for which it was intended." OCGA § 9-3-50 (2). Because the Hickeys could not legally occupy the house for the purpose for which it was intended — as their residence — until the certificate of occupancy was issued, we hold the date the certificate of occupancy was issued is the earliest date their house could be deemed substantially completed.[3] Because it is undisputed that the Hickeys filed their action less than four years after the certificate of occupancy was issued, the trial court erred in granting summary judgment to the builders and Colormatch on the Hickeys' tort, fraud, and product liability claims for damage to realty. *Mitchell v. Jones*, 247 Ga. App. at 115 (2); *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. at 629.

3. The Hickeys' remaining enumerations of error are rendered moot by our holding in Divisions 1 and 2.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 28, 2001 —
RECONSIDERATIONS DENIED MARCH 19, 2001 — 

*Eugene C. Brooks IV, Christopher M. Kessinger*, for appellants.
*Drew, Eckl & Farnham, Hall F. McKinley III, Andrew D. Horowitz, McCorkle, Pedigo & Johnson, David H. Johnson, Amy E.*

---

[2] See Chatham County Building Code, CABO Code (1 & 2 Single Family, 1989 ed.), § A103.9; OCGA §§ 8-2-20 (9) (B) (i) (VI); 8-2-25; 8-2-28.

[3] See *Nolan v. Paramount Homes*, 135 N.C. App. 73, 76 (518 SE2d 789, 791) (1999) (construing "substantial completion" as used in a statute of repose very similar to OCGA § 9-3-51, as follows: "An owner of a residential dwelling may use it as a residence when the appropriate government agency issues a final certificate of compliance. The owner may then utilize the residence for the purpose which it was intended and the home is substantially completed.") (citations omitted).

*Edgy, Pursley, Howell, Lowery & Meeks, John C. Amabile*, for appellees.

*Holland & Knight, Frank O. Brown, Jr.*, amicus curiae.