A01A0680. ROSENHEIMER et al. v. TIDAL CONSTRUCTION COMPANY.

(550 SE2d 698)

RUFFIN, Judge.

Robert Rosenheimer and Victoria Soland (the plaintiffs) purchased a new home built by Tidal Construction Company (Tidal). After discovering an alleged moisture problem with the synthetic stucco exterior of the house, the plaintiffs sued Tidal and Colormatch Exteriors, Inc. (Colormatch), the company that manufactured the synthetic stucco. The defendants moved for summary judgment, asserting that all of plaintiffs' claims were barred by the statute of limitation. The trial court granted defendants' motions, and this appeal ensued. For reasons that follow, we reverse.

To prevail on a motion for summary judgment, a defendant must demonstrate that there are no genuine issues of material facts and that the facts, viewed most favorably to the plaintiff, warrant judgment as a matter of law.[1] "We review a grant of summary judgment de novo."[2]

Viewed in this light, the evidence shows that Tidal obtained a building permit in June 1994 to build a house in Bryan County. The exterior of the house was finished using an exterior insulation and finish system, also referred to as synthetic stucco, that was allegedly manufactured by Colormatch. The construction was essentially complete in February 1995, and in March or April 1995, a real estate agent showed Rosenheimer the house. On April 15, 1995, Rosenheimer and Soland signed a contract to purchase the house. Tidal obtained a certificate of occupancy on June 22, 1995, and the closing took place on June 26, 1995.

According to Rosenheimer, after closing on the house, he began noticing moisture problems with the house, which he attributes to both the "defective" nature of Colormatch's synthetic stucco as well

---

[1] See *Swan Kang, Inc. v. Kang,* 243 Ga. App. 684, 685 (534 SE2d 145) (2000).
[2] Id.

as Tidal's improper application of the product. On April 19, 1999, Rosenheimer and Soland filed suit against Tidal. On June 22, 1999, Colormatch was added as a party to the suit. The plaintiffs asserted claims for negligence, negligent misrepresentation, breach of implied warranty, breach of implied contract, and bad faith. With respect to Colormatch, the plaintiffs also asserted a strict liability claim.

Both defendants moved for summary judgment, arguing that the plaintiffs' claims were barred by the statute of limitation in OCGA § 9-3-30 (a), which provides that "[a]ll actions for . . . damage to realty shall be brought within four years after the right of action accrues." According to defendants, the right of action accrued four years after Tidal finished building the house in February 1995. Thus, they reasoned, the April 1999 complaint was not timely filed. The trial court agreed and granted both motions for summary judgment.

1. In several enumerations of error, the plaintiffs contend that the trial court erred in concluding that their tort claims are barred by the statute of limitation. The parties agree that tort claims are governed by a four-year statute of limitation.[3] The issue on appeal is when the right of action accrues for damage to realty claims. "It is well settled that the starting date for [such] damage to realty claims is the date of 'substantial completion.' "[4] According to the plaintiffs, the house was not substantially complete until the builder obtained the certificate of occupancy on June 22, 1995. The defendants, on the other hand, argue that the house was substantially complete in February 1995, when the construction was complete. We agree with the plaintiffs.

In the recent case of *Hickey v. Bowden*,[5] this Court addressed this exact issue. We held that "[b]ecause the [plaintiffs] could not legally occupy the house for the purpose for which it was intended — as their residence — until the certificate of occupancy was issued," the date the certificate is issued serves as the earliest date the house can be deemed substantially completed.[6] Here, it is undisputed that the plaintiffs filed suit prior to June 22, 1999, four years from the date the certificate of occupancy was issued. It follows that the trial court erred in concluding that their tort claims are barred by the statute of limitation.

2. The plaintiffs also contend that the trial court erred in finding that the contractual claims are governed by the four-year statute of limitation set forth in OCGA § 9-3-30. We agree. In several recent cases, this Court has made abundantly clear that "the six-year stat-

---

[3] See *Mitchell v. Jones*, 247 Ga. App. 113, 115-116 (2) (541 SE2d 103) (2000).

[4] *Hickey v. Bowden*, 248 Ga. App. 647, 649 (2) (548 SE2d 347) (2001).

[5] Id.

[6] Id. at 650 (2).

ute of limitation governing simple written contracts applies to a contract for the sale of new construction."[7] Thus, to the extent that the plaintiffs' complaint alleges breach of the written contract — including claims for breach of implied warranty stemming from that contract — such claims are governed by the six-year statute of limitation.[8] To the extent that the complaint alleges breach of an implied contract, such claim would be subject to the four-year statute of limitation.[9] For the reasons set forth in Division 1, such claims were timely asserted. Accordingly, the trial court erred in granting defendants' motions for summary judgment.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 19, 2001.

*Eugene C. Brooks IV, Christopher M. Kessinger,* for appellants.
*Brannen, Searcy & Smith, Daniel C. Cohen, Ashlee H. Vaught,* for appellee.

---

[7] *Smith v. KLS Constr. Co.,* 247 Ga. App. 493, 494 (1) (544 SE2d 197) (2001). See also *Stimson v. George Laycock, Inc.,* 247 Ga. App. 1, 3 (1) (542 SE2d 121) (2000); *Mitchell v. Jones,* supra at 114 (1).

[8] See *Hickey,* supra at 649 (1).

[9] See *Bauer v. North Fulton Med. Center,* 241 Ga. App. 568, 572 (3) (b) (527 SE2d 240) (1999).