## A04A1300. SCULLY et al. v. 1ST MAGNOLIA HOMES, INC. et al.
### (603 SE2d 312)

BLACKBURN, Presiding Judge.

In this action regarding the allegedly negligent construction of a synthetic stucco home, Kerry D. Scully and Mark E. Scully appeal the trial court's grant of summary judgment to 1st Magnolia Homes, Inc. and Henry T. Burns, its corporate president, contending that the trial court erred by finding that: (1) their claims for breach of contract were barred by the applicable six-year statute of limitation; (2) their tort claims were barred by the applicable four-year statute of limitation; and (3) their claims for attorney fees were untenable. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that, on September 8, 1996, the Scullys entered into a contract with 1st Magnolia and Burns, professional home builders, to purchase a model home that had already been constructed. The sale subsequently closed on October 10, 1996.

Shortly after they closed, the Scullys heard about a "stucco scare" regarding problems with faulty installation of synthetic stucco on homes like theirs and resulting water damage. In addition, Kerry Scully talked to a realtor about similar issues no later than November 1997.

Despite their knowledge of this "stucco scare," the Scullys failed to investigate the matter any further until November 1999, when they hired an inspector to check their home for damage. This inspection revealed water damage to the Scullys' home, and on October 8, 2002, they filed suit against 1st Magnolia and Burns, contending that the defendants: (1) breached the sales contract; and (2) negligently installed synthetic stucco on their home. In addition, the Scullys

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

requested attorney fees.[2]

Subsequently, the defendants moved for summary judgment on all of the Scullys' claims, and the trial court granted this motion. The Scullys now appeal the trial court's ruling.

1. The Scullys contend that the trial court erred by determining that their contract claims were barred by the applicable six-year statute of limitation, OCGA § 9-3-24, contending that the statute should have begun to run on the date that the contract was closed, not the date on which it was executed.

> We have repeatedly held that the six-year statute of limitation set out in OCGA § 9-3-24 applies to contract claims (whether breach of implied warranty, breach of express warranty, or breach of sale/construction contract) by homeowners against professional builder-sellers and have specifically applied this to contract claims arising out of damages caused by water leakage through synthetic stucco. *Rosenheimer v. Tidal Constr. Co.;*[3] *Hickey v. Bowden;*[4] *Stimson v. George Laycock, Inc.;*[5] *Mitchell v. Jones.*[6] The four-year period set out in OCGA § 9-3-30 (a) applies to related tort claims. *Rosenhei-mer,* supra, 250 Ga. App. at 146 (1); *Hickey,* supra, 248 Ga. App. at 649. With regard to tort claims and claims for breach of implied warranty and breach of the sale/construction contract, *we have held that the applicable statutes of limitation begin to run on the date of substantial completion,* i.e., the date that the certificate of occupancy is issued. *Hickey,* supra, 248 Ga. App. at 649-650 (1), (2); see *Rosenheimer,* supra, 250 Ga. App. at 146 (1).

(Emphasis supplied.) *Feinour v. Ricker Co.*[7]

In this case, it is undisputed that, at the time that the Scullys entered into the contract on September 8, 1996, construction on the home had been completed and it was ready for habitation. As such, the six-year statute of limitation began to run from that date, and, because the Scullys did not file their breach of contract action until October 10, 2002, more than six years after September 8, 1996, the trial court properly ruled that their claims were time-barred.

---

[2] Originally, the Scullys also made claims for fraud and breach of warranty, which they later dismissed.

[3] *Rosenheimer v. Tidal Constr. Co.,* 250 Ga. App. 145, 146-147 (2) (550 SE2d 698) (2001).

[4] *Hickey v. Bowden,* 248 Ga. App. 647, 648-649 (1) (548 SE2d 347) (2001).

[5] *Stimson v. George Laycock, Inc.,* 247 Ga. App. 1, 3-4 (1) (542 SE2d 121) (2000).

[6] *Mitchell v. Jones,* 247 Ga. App. 113, 114-115 (1) (541 SE2d 103) (2000).

[7] *Feinour v. Ricker Co.,* 255 Ga. App. 651, 653 (1) (566 SE2d 396) (2002).

2. The Scullys contend that the trial court erred by ruling that their tort claims were barred by the applicable four-year statute of limitation, OCGA § 9-3-30, contending that a question of fact remains as to when they were put on inquiry notice of the alleged construction defect of their home.

OCGA § 9-3-30 provides:

> (a) All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues.
> (b) (1) The causes of action specified in Code Section 51-1-11 and subsection (a) of Code Section 9-3-51 for recovery of damages to a dwelling due to the manufacture of or the negligent design or installation of synthetic exterior siding shall accrue when the damage to the dwelling is discovered or, in the exercise of reasonable diligence, should have been discovered, whichever first occurs. In any event, such cause of action shall be brought within the time limits provided in Code Sections 51-1-11 and 9-3-51, respectively.

It is undisputed in this case that, through news articles, neighbors, and a real estate agent, the Scullys, by their own admission, were aware of the water damage problems related to the negligent installation of synthetic stucco by November 1997. As the Scullys were aware of the exact potential problem which their home suffered, the trial court correctly concluded that the Scullys should have discovered the damage to their home in the exercise of reasonable diligence once they initially learned of the problem. Instead, the Scullys waited two years until November 1999 to have their home inspected.

Accordingly, the trial court did not err by concluding that the four-year statute of limitation began to run no later than November 1997, and, as the Scullys did not file their tort claims until almost five years later, such claims were time-barred.

3. Finally, the Scullys contend that the trial court erred by granting summary judgment to the defendants regarding their claim for attorney fees. In light of our rulings in Divisions 1 and 2, the Scullys' claims regarding attorney fees are hereby rendered moot.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004 —
RECONSIDERATION DENIED AUGUST 5, 2004 —

*Charles F. Peebles*, for appellants.

*Pursley, Lowery & Meeks, John C. Amabile, David R. Perry*, for appellees.