A04A1300. SCULLY et al. v. 1ST MAGNOLIA HOMES, INC. et al.
(619 SE2d 392)

BLACKBURN, Presiding Judge.

In this action regarding the allegedly negligent construction of a synthetic stucco home, we affirmed the trial court's grant of summary judgment to defendants on plaintiffs' claims for breach of contract and tort, and held that this ruling rendered moot their claim for attorney fees. *Scully v. 1st Magnolia Homes* ("*Scully I*").[1] The Supreme Court of Georgia in *Scully v. 1st Magnolia Homes* ("*Scully II*")[2] reversed our holding regarding plaintiffs' breach of contract claim and affirmed our holding regarding plaintiffs' tort claim. Accordingly, we vacate Division 1 of *Scully I* and adopt the opinion of the Supreme Court as our own. Having been affirmed, Division 2 of *Scully I* remains intact. However, with the reinstatement of plaintiffs' breach of contract claim, Division 3 of our opinion regarding attorney fees is no longer applicable, and we therefore vacate same. We address the attorney fees claim below.

Plaintiffs seek attorney fees under OCGA § 13-6-11, claiming the defendants acted in bad faith based on the affidavit of Henry Burns (a named defendant and also president of 1st Magnolia Homes) which admits that Mr. Burns was not qualified to install synthetic stucco. Plaintiffs claim that this establishes that Mr. Burns acted in bad faith in installing the synthetic stucco, when not qualified to do so. The undisputed evidence shows, however, that as general contractors, Mr. Burns and his company 1st Magnolia Homes did not personally install the stucco but rather subcontracted with Wall Systems Unlimited (a qualified synthetic stucco installer) to install the stucco. As the affidavit was the only evidence on which plaintiffs relied on this issue, there is no evidence proving bad faith.

Arguing that there is no bona fide controversy as to liability, plaintiffs alternatively seek attorney fees under OCGA § 13-6-11 contending that defendants have been stubbornly litigious and caused them unnecessary trouble and expense. "When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not 'any evidence' to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties." (Punctuation omitted.) *Daniel v. Smith*.[3]

Here, there is clearly a bona fide controversy as to liability. Indeed, this Court initially affirmed summary judgment on all of

---

[1] *Scully v. 1st Magnolia Homes*, 268 Ga. App. 892 (603 SE2d 312) (2004).
[2] *Scully v. 1st Magnolia Homes*, 279 Ga. 336 (614 SE2d 43) (2005).
[3] *Daniel v. Smith*, 266 Ga. App. 637, 638 (1) (597 SE2d 432) (2004).

plaintiffs' claims on grounds the applicable statute of limitation had run. *Scully I,* supra. The Supreme Court affirmed that holding as to the tort claims and reversed it as to the breach of contract claim. In light of this history, it is clear that a controversy existed as to liability, precluding a claim for attorney fees solely on grounds of stubborn litigiousness or unnecessary trouble and expense.

The trial court did not err in granting summary judgment on plaintiffs' claims for attorney fees.

*Judgment affirmed in part and reversed in part. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 4, 2005.

*Charles F. Peebles,* for appellants.
*Pursley, Lowery & Meeks, John C. Amabile, David R. Perry,* for appellees.